

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANDMARK DOCUMENT SERVICES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 05 C 7300 |
| v. | ) ) ) | Magistrate Judge Maria Valdez |
| OMEGA LITIGATION SOLUTIONS, LLC; REGINALD C. HABLERO; JAMES BENKO; and VINCENT T. RIVERA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER[1]

Plaintiff Landmark Document Services, LLC ("Landmark") brings this lawsuit under diversity jurisdiction, alleging state law claims of defamation and breach of contract. Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons that follow, Defendants' motion to dismiss [Doc. Nos. 7 & 8] is denied.

## BACKGROUND

The following facts alleged in the complaint are assumed to be true for the purpose of this motion to dismiss. *Veazey v. Commc'ns & Cable of Chi., Inc.*, 194 F.3d 850, 853 (7th Cir. 1999). Landmark is in the document and data management business,

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

serving various law firm customers. Reginald C. Hablero, James Benko, and Vincent T. Rivera (collectively, "the individual defendants") were employees of Landmark and signed Confidentiality and Non-Compete Agreements with Landmark.[2] The individual defendants all left the employ of Landmark during a three-month period in 2005. After leaving Landmark, if not before, all three individual defendants went to work for Omega Litigation Solutions, LLC, ("Omega") the corporate defendant.[3] Before leaving Landmark, the three individual defendants breached fiduciary duties of loyalty to Landmark by using Landmark's property, equipment, and/or facilities to develop Omega, a competing business; using Landmark's monetary resources for Omega's benefit; sabotaging jobs for Landmark customers while they were employed at Landmark in order to benefit Omega; soliciting Landmark's employees to leave Landmark and join Omega; and/or failing to inform Landmark management of the other employees' breaches of fiduciary duties. The complaint further alleges that all of the defendants acted in concert in committing these breaches of fiduciary duty.

The complaint next alleges that the individual defendants breached their Confidentiality Agreements by using confidential information for Omega's benefit and that they breached the Non-Compete Agreements by soliciting Landmark's customers and taking Landmark's business to Omega.

---

[2] Copies of all three individuals' Confidentiality Agreements are attached as exhibits to the complaint. The complaint also attaches copies of the Non-Compete Agreements of defendants Benko and Rivera. The complaint alleges defendant Hablero signed a Non-Compete Agreement with Landmark that was identical to Benko's and Rivera's, but Landmark could not locate a copy of the agreement.

[3] On September 13, 2006, this Court entered an order staying the case against Omega due to its reported bankruptcy.

Finally, Landmark alleges that each of the defendants made "false and derogatory statements about Landmark to various Landmark customers, stating that Landmark was incompetent to handle the customers' business." (Compl. ¶ 17.)

The complaint alleges Landmark has been damaged by Defendants' breaches of contract and tortious conduct in an amount totaling at least $530,000, including damages from loss of customers and business to Omega; the loss of equipment and monetary resources misappropriated to Omega; and damage to Landmark's reputation in the trade.

## DISCUSSION

In ruling on a motion to dismiss, all well-pleaded facts are taken as true, and the only facts available to the Court are those presented in the complaint. *Coates v. Ill. State Bd. Of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). All reasonable inferences must be drawn in favor of the nonmoving party. *N. Tr. Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995); *see Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

A claim may be dismissed under Rule 12(b)(6) only if the nonmoving party can prove no set of facts consistent with its complaint that would entitle it to relief. *Veazey*, 194 F.3d at 854. "In other words, if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Id.*

Defendants' motion argues that Plaintiff's complaint should be dismissed because: (1) it fails to plead facts that would allow the Court to determine which state's substantive law applies to the case; (2) Plaintiff did not allege each element of its defamation and breach of contract claims; (3) the allegedly defamatory statement is

3

nonactionable opinion; and (4) the complaint does not contain any counts, in violation of Rule 10(b).

A. <u>Unclear Choice of Law</u>

Defendants first argue that the complaint should be dismissed for failing to allege enough facts to determine which state's substantive law should apply. However, Defendants offer no rule, statute, or case law obligating Plaintiff to plead choice of law in the complaint and indeed do not even attempt to explain how this alleged deficiency is relevant to the legal sufficiency of Plaintiff's claims. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) (quoting *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005)) ("'Any district judge (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation?'") (emphasis in original); *see also Transamerica Ins. Co. v. South*, 975 F.2d 321, 327 (7th Cir. 1992) (providing that the substantive law of the forum automatically applies unless either of the parties challenges the choice of law).

B. <u>Insufficient Facts Pleaded</u>

Defendants maintain that the defamation and breach of contract claims should be dismissed for failing to allege each and every element of the corresponding causes of action. Specifically, Defendants argue that the defamation claim is insufficiently pleaded because it: (1) identifies only one statement made by Defendants; (2) does not identify which of Landmark's customers the statements were made to; (3) does not allege that the publication was unprivileged and Defendants were at fault; and (4) does not allege when

4

the statements were made, making it impossible to determine whether the statements were made within the one-year statute of limitations.[4]

Defendants further argue that Plaintiff failed to allege certain elements of its breach of contract claims, i.e.,: (1) the six contracts on which Plaintiff bases its claims are valid and enforceable; (2) adequate consideration was provided to the individual defendants in exchange for entering the agreements; and (3) the terms of the Non-Compete Agreements were both reasonable and necessary to protect Landmark's legitimate business interests.[5] In addition, Defendants argue that the complaint fails to "provid[e] factual support" for its allegations that Defendants breached their contract and that Plaintiff's allegation of damages does not allocate the portion of damages resulted from breach of contract and thus did not satisfy the damage element of a breach of contract claim.

---

[4] To state a claim for defamation under Illinois law, "a plaintiff must present facts showing that the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication caused damages." *Solaia Tech., LLC v. Specialty Pub. Co.*, 852 N.E.2d 825, 839 (Ill. 2006).

[5] Defendants' motion also argues that Plaintiff did not allege Hablero executed the Non-Compete Agreement and that without the agreement, Landmark cannot establish that it is a valid and enforceable agreement. The Court presumes that Defendants simply misread the complaint, which clearly alleges in Paragraph 9 that "[o]n August 25, 2004, defendant Hablero signed Confidentiality and Non-Compete Agreements with his employer, plaintiff Landmark." The fact that a copy of the agreement was not attached to the complaint is not fatal to the claim. While Rule 10(c) allows a party to attach a written instrument to a complaint, the rule does not *require* a plaintiff to do so. Contrary to Defendants' argument, any problems of proof caused by Plaintiff's inability to locate the agreement are not relevant on a motion to dismiss, which assumes the truth of Plaintiff's allegations.

The Court need not explore each of these alleged reasons for dismissal in detail because nearly all of them are premised on a fundamental misunderstanding of federal notice pleading. The law could scarcely be more settled that "[f]ederal complaints plead *claims* rather than facts. . . . It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary." *Kolupa*, 438 F.3d at 714 (emphasis in original); *Scott v. City of Chi.*, 195 F.3d 950, 952 (7th Cir. 1999) (citing *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999)) ("[A] pleading need contain only enough to allow the defendants to understand the gravamen of the plaintiff's complaint.") (internal quotations and alterations omitted).

Landmark had no duty to allege each element of the causes of action underlying its claims. "[C]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Kolupa*, 438 F.3d at 715; *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (explaining that requiring a plaintiff to allege all facts needed to prevail at trial would defeat the purpose of Rule 8). The fact that a complaint could be improved does not justify dismissal, as long as "it is intelligible and gives the defendants notice of the claim for relief." *Bennett*, 153 F.3d at 518.

Plaintiff's defamation claim is sufficiently pleaded to survive the motion to dismiss. The complaint alleges that defamatory statements were made, identifies the type of statements made, and describes the third parties to whom the statements were made with enough detail to put Defendants on notice of the nature of Plaintiff's claim. The fact that Plaintiff did not also allege the timing of the statements does not justify dismissing

6

the claim. Plaintiff has no legal obligation to plead compliance with the statute of limitation, an affirmative defense that generally cannot be adjudicated on a motion to dismiss unless the failure to comply with the statute is apparent on the face of the complaint. *See Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) ("Although the statute of limitations is ordinarily an affirmative defense that must be pleaded under Fed. R. Civ. P. 8(c), a district court may dismiss under Rule 12(b)(6) something that is indisputably time-barred, as this is."); *see also Kolupa*, 438 F.3d at 715 ("Silence is silence and does not justify dismissal unless Rule 9(b) requires details. Arguments that rest on negative implications from silence are poorly disguised demands for fact pleading.").

Plaintiff's allegations of breach of contract also adequately put Defendants on notice of the nature of those claims. Plaintiff alleges Defendants were contractually bound to Plaintiff, Defendants breached those contracts, and Plaintiff was damaged as a result of Defendants' breach. Furthermore, the agreements attached as exhibits to the complaint recite that they were entered into "[i]n consideration of the employment, professional development and other benefits provided by Landmark." (*See, e.g.*, Benko Confidentiality Agreement, Ex. A at 1.) Whether that or any other consideration was actually tendered or is legally sufficient cannot be decided on the present motion to dismiss.

C.  **Nonactionable Opinion**

Defendants next contend that the defamation claim should be dismissed because the statement that Landmark was incompetent to handle its customers' business is nonactionable opinion, not a statement of fact. Although an expression of opinion may be constitutionally protected, "there is no artificial distinction between opinion and fact: a false assertion of fact can be defamatory even when couched within apparent opinion or

7

rhetorical hyperbole." *Solaia Tech., LLC v. Specialty Publ'g Co.*, 852 N.E.2d 825, 840 (Ill. 2006). At this stage of the litigation, it is premature to determine whether the statements allegedly made by Defendants were opinions or whether they "impl[ied] an assertion of objective fact" and therefore are actionable as defamation. *Id.* Reading the complaint in the light most favorable to Landmark, statements that Landmark was incompetent to handle its customers' business could imply an assertion of an objective fact and constitute defamation *per se*.[6] *See id.*

### D. Noncompliance with Rule 10(b)

Defendants finally argue that the complaint should be dismissed for failing to comply with Rule 10(b). Rule 10(b) provides, in pertinent part: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). Separate counts, therefore, are required only to the extent they are necessary to clarify the claims in the complaint. *See Novotny v. Porzycki*, No. 02 C 8564, 2003 WL 21384638, at *1 (N.D. Ill. June 13, 2003); *Sajous v. First Nat'l Bank of Chi.*, No. 87 C 3564, 1987 WL 28403, at *5 (N.D. Ill. Dec. 21, 1987). Furthermore, noncompliance with Rule 10(b) is rarely a basis for dismissing a complaint "unless the complaint is not understandable and does not provide the defendant with fair notice of the claims against him." *Plohocki v. Chi. Sch. Reform Bd. of Trs.*, No. 99 C 6710, 2000

---

[6] "A statement is defamatory *per se* if its harm is obvious and apparent on its face." *Solaia*, 852 N.E.2d at 839. Two of the five categories of defamation *per se* are relevant to this case: "words that impute a person is unable to perform or lacks integrity in performing her or his employment duties;" and "words that impute a person lacks ability or otherwise prejudices that person in her or his profession." *Id.*

8

WL 150748, at *6 (N.D. Ill. Feb. 4, 2000); *see also Frederiksen v. City of Lockport*, 384 F.3d 437, 439 (7th Cir. 2004) (holding that a party's vexatious failure to comply with Rule 10(b) after repeated attempts to amend a complaint may justify dismissal).

Defendants protest that the complaint contains numerous claims but does not contain a single count. However, the allegations in the complaint are based on a single series of acts by Defendants. And although separate counts may have made the complaint clearer, it is not difficult to identify the various claims made against the several defendants. Indeed, Defendants themselves were sufficiently able to make out the complaint's claims to move to dismiss most of them.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. Nos. 7 & 8] is denied.

**SO ORDERED.**

DATE: SEP 2 9 2006

**ENTERED:**

HON. MARIA VALDEZ
United States Magistrate Judge